# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### CIVIL CASE NO. 3:07cv347

| | |
|---|---|
| PAMELA DUNBAR, as Personal Representative of the Estate of Hugh Locklear, Jr., Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | **ORDER** |
| PRISON HEALTH SERVICES, INC.; ) GASTON COUNTY; and ) ALAN CLONINGER, ) ) | |
| Defendants. ) ) | |

**THIS MATTER** is before the Court on the plaintiff's Motion for Leave to appear *Pro Hac Vice* [Doc. 2] filed by the plaintiff's counsel, Spencer Rhodes. Mr. Rhodes is admitted to practice law in the State of Florida.

In the motion, counsel requests that leave to appear be granted without the necessity of retaining local counsel. For grounds, counsel

states that "the nature of the claim and particular circumstances of this action make it difficult to obtain associated local counsel." Counsel further states that he worked with local counsel prior to the filing of the complaint, but that local counsel was required to disassociate upon becoming employed with the North Carolina state government. [Doc. 2].

Local Rule 83.1(B) generally requires that litigants in civil actions "must be represented by at least one member of the bar of this court or by an attorney admitted to practice by this court . . . ." While the Court may, in its discretion, grant the special admission of counsel without the association of a member of the local bar, such admission is "the exception and not the rule . . . ." Local Rule 83.1(B). Rather, the Court encourages the association of local counsel in *all* cases, unless "the amount in controversy or the importance of the case does not appear to justify the double employment of counsel." Id.

In the present case, the plaintiff, as the personal representative of the decedent, Hugh Locklear, Jr., alleges that the defendants violated the decedent's civil rights by acting with deliberate indifference to the decedent's serious medical needs, resulting in his

death.  The plaintiff seeks monetary damages in excess of $75,000. [Doc. 1].  Upon careful review and consideration, the Court finds that in light of the amount in controversy and the importance of the claims raised in this case, the movant has failed to demonstrate that exceptional circumstances are present warranting the admission of the plaintiff's counsel *pro hac vice* without the association of local counsel.  Accordingly,

**IT IS, THEREFORE, ORDERED** that the plaintiff's Motion for Leave to Appear *Pro Hac Vice* [Doc. 2] is **DENIED WITHOUT PREJUDICE**, with leave for re-filing the same upon the association of local counsel as required by Local Rule 83.1(B).

Also, in light of the fact that the plaintiff's out-of-jurisdiction counsel is the only attorney identified for the plaintiff and that the plaintiff is therefore unrepresented by any proper counsel at this time, **IT IS  FURTHER ORDERED** that, within thirty (30) days of the date of this Order, the plaintiff either retain local counsel or file a written notice with the Court indicating her intent to proceed in this matter *pro se*.  **Failure either to retain local counsel or to submit a written**

**notice of the plaintiff's intent to proceed *pro se* in this matter may result in the summary dismissal of this action.**

    **IT IS SO ORDERED**.

Signed: September 24, 2007

Martin Reidinger
United States District Judge